IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **TIERA MANNING,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:10-CV-1153-L** |
| | § | |
| **MILITARY STAR,** | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is the United States' Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Cause of Action on Which Relief can be Granted, filed September 28, 2010. Plaintiff Tiera Manning ("Plaintiff" or "Manning") did not file a timely response to the motion. After carefully considering the motion, record, and applicable law, the court **defers** ruling on the United States' Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Cause of Action on Which Relief can be Granted.

**I.    Factual and Procedural Background**

Plaintiff filed her Original Complaint on June 10, 2010. She brings claims against Defendant Military Star arising out of an alleged collection account listed by Defendant on her credit report. She asserts the following claims: violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) ("FCRA"); negligent, reckless and wanton conduct; harassment; invasion of privacy; defamation; and intentional misrepresentation.

Defendant now moves to dismiss this action pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. It contends that the court lacks subject matter jurisdiction over

**Memorandum Opinion and Order – Page 1**

Plaintiff's tort claims, that the FCRA does not contain an express waiver of sovereign immunity, and that she has failed to state a claim upon which relief can be granted pursuant to the FCRA.

## II. Analysis

Defendant states that it is the consumer credit arm of the Army and Air Force Exchange Service ("AAFES"), a nonappropriated fund activity of the Department of Defense, which is an agency of the United States of America. It argues that the United States and its agencies are immune from suit absent a clear waiver of sovereign immunity. While the Federal Tort Claims Act ("FTCA") is a waiver of sovereign immunity with respect to negligent acts and omissions, Defendant argues that Plaintiff was required to exhaust administrative remedies before filing suit but that she did not do so. Defendant further argues that the court lacks subject matter jurisdiction because 15 U.S.C. § 1681s-2(b) does not expressly waive the sovereign immunity of the United States to monetary damages. Defendant also argues that Plaintiff's claims should be dismissed pursuant to Rule 12(b)(6), because the statute at issue allows it to send an account to collections for up to seven years even if it is paid in full and because she has failed to state a claim upon which relief can be granted pursuant to *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). Plaintiff did not file a response to Defendant's motion.

As noted by Defendant, the government and its agencies are immune from suit absent clear consent:

> It is elementary that the United States, as sovereign, is immune from suits save as it consents to be sued and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit. The FTCA constitutes a limited waiver of sovereign immunity. Courts must strictly construe all waivers of the federal government's sovereign immunity, and must resolve all ambiguities in favor of the sovereign. Under the FTCA, Congress has waived sovereign immunity and has granted consent for the

> government to be sued for acts committed by any employee of the [g]overnment while acting within the scope of his office or employment.

*Linkous v. United States*, 142 F.3d 271, 275 (5th Cir. 1998) (internal quotations omitted) (citations omitted) (ellipses omitted). Pursuant to the FTCA:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a). The burden of proof is on the party seeking the invoke the court's jurisdiction. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied*, 536 U.S. 960 (2002).

Plaintiff has not pleaded that she exhausted her administrative remedies, and she did not reply to Defendant's motion. The court has reviewed the applicable case law. In many similar cases where a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure has been granted, the court either had an affidavit from the defendant or responses by the plaintiff to a magistrate judge's questionnaire regarding whether administrative remedies had been exhausted. *See Carvajal v. Lappin*, 2007 WL 2481602, *2 (N.D. Tex. Sept. 4, 2007) (magistrate judge's questionnaire); *Granados v. Ruano*, 2005 WL 1668137, *2 (S.D. Tex. July 14, 2005) (affidavit from agency employee stating that no administrative claim had ever been filed); *see also Wicks v. Parkland Hosp.*, 2009 WL 5033950, *1 (N.D. Tex. Dec. 22, 2009) (dismissal only after giving Plaintiff a chance to amend complaint); *but see Hinds v. Roper*, 2007 WL 3132277, *3 (N.D. Tex. Oct. 25, 2007) ("Plaintiff has failed to allege any facts in his complaint

which, if proved, would establish that he has exhausted his administrative remedies. Consequently, all claims against the federal defendants must be dismissed for lack of subject matter jurisdiction.").

There is no such evidence on the record before the court beyond Defendant's statement that Plaintiff has failed to exhaust her administrative remedies. The burden is on Plaintiff, but she is proceeding *pro se*, and the court will not rule on the instant motion unless there is some evidence on this issue before it. Accordingly, the court hereby **directs** the government to file an affidavit or other evidentiary support of its motion no later than **November 12, 2010**. If Plaintiff wishes to respond or file evidence in support her position, such response or evidence must be filed no later than **November 19, 2010**. The court will rule on Defendant's motion after considering these filings.

## IV. Conclusion

For the foregoing reasons, the court **defers ruling** on the United States' Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Cause of Action on Which Relief can be Granted, and will consider the motion after it has reviewed the supplemental filings as set forth in this memorandum opinion and order.

**It is so ordered** this 29th day of October, 2010.

Sam A. Lindsay
United States District Judge