IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **TIERA MANNING,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:10-CV-1153-L** |
| | § | |
| | § | |
| **MILITARY STAR,** | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is the United States' Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Cause of Action on Which Relief can be Granted, filed September 28, 2010. On October 29, 2010, the court ordered the government to file an affidavit or other evidentiary support of its motion. The government filed the Declaration of Katherine Cook in Support of United States' Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Cause of Action on Which Relief Can be Granted on November 9, 2010. The court allowed Plaintiff Tiera Manning ("Plaintiff") to file a response by November 19, 2010; Plaintiff did not file any response to the government's declaration. The court hereby incorporates its October 29, 2010 memorandum opinion and order setting forth the applicable law.

The Cook Declaration states that Plaintiff never filed any tort claim against the Army and Air Force Exchange Service ("AAFES"), of which Defendant Military Star ("Defendant") is the consumer credit arm. The court is now satisfied that Plaintiff failed to exhaust her administrative remedies, and therefore it lacks subject matter jurisdiction over this action pursuant to the Federal Tort Claims Act. 28 U.S.C. § 2675(a). Plaintiff has had two opportunities to demonstrate that the

**Memorandum Opinion and Order – Page 1**

court has subject matter jurisdiction over her claims, but she has failed to carry her burden to show that invocation of this court's jurisdiction is proper. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied*, 536 U.S. 960 (2002).

Accordingly, the court **grants** the United States' Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Cause of Action on Which Relief can be Granted to the extent that it lacks subject matter jurisdiction over this action pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Because the court determines that it lacks subject matter jurisdiction over this action, it does not reach the government's remaining arguments made regarding failure to state a claim upon which relief can be granted. The court therefore **dismisses** this action **without prejudice** for lack of subject matter jurisdiction.

**It is so ordered** this 22nd day of November, 2010.

Sam A. Lindsay
United States District Judge